Bill for injunction.

Allegations of the bill complaining of usury.

Answer of the usurer.

## Sallee vs. Duncan.

Error to the Christian Circuit; BENJ. SHACKELFORD, Judge.

*Answers of usurers.*

Judge OWSLEY delivered the Opinion of the Court.

SALLEE executed a note to Duncan for three hundred and fifty dollars, payable one day after date. Suit was brought upon the note by Duncan, and judgment at law recovered for the amount thereof, with interest and cost.

To be relieved against the payment of eighty dollars and seventy nine cents of the principal of the note, Sallee filed his bill in equity, and obtained an injunction against that much of the judgment.

He alleges, that on a settlement, he fell indebted to Duncan, for principal and interest then due, two hundred and sixty nine dollars and thirty cents, and not possessing the means of payment, and to obtain time, it was usuriously agreed between him and Duncan, that he would give a gross sum of thirty per centum on the amount due, and Duncan should indulge him until he could make the money; and that in pursuance of that agreement the note, including the amount due and thirty per centum thereon, was executed by him to Duncan, making in all three hundred and fifty dollars.

Duncan answered the bill, by passing over in silence the allegation with respect to the settlement, and the amount which was thereby ascertained to be due from Sallee, but stating, that he sold the complainant a tract of land and took his note for part of the purchase money; that he believes the complainant gave his note payable one day after date, which is, of itself, a manifestation that this defendant had not agreed to indulge the complainant longer than it should be found convenient for the defendant's interest. He denies that he made any particular agreement with the complainant to indulge him in the payment of the money specified in said note, other than in said note named, he says, that he might have observed to the complainant, that he felt disposed to indulge him for the payment

of the money as long as it was convenient, but made no contract with the complainant for forbearance beyond the time the note became due. He does not admit, that he agreed with the complainant for the consideration of the gross sum of thirty per centum on said money; that he would indulge said complainant until he could make said money. · He also denies that there was the sum of eighty dollars and seventy cents of usurious interest, charged in the note, as the complainant has alleged.

SALLEE
vs.
DUNCAN.

The case was heard in the circuit court, on the bill and answer, without any deposition on either side, and a decree was pronounced dismissing the complainant's bill, and dissolving his injunction, with damages and cost.

Decree of the circuit court for the defendant.

Instead of the decree which was made, we think the injunction should have been perpetuated, with cost. The answer displays a strained effort on the part of the defendant, by passing over and evading some of the material charges in the bill, and catching at and responding to other expressions, not so essential, to secure himself from the effects of an unconscientious and illegal contract, while, throughout his whole answer, he shews a conviction that it was oppressively usurious, though not so precisely to a cent as charged in the bill. He denies making any particular agreement of forbearance, though he admits he may have observed that he felt disposed to indulge the complainant for the payment, as long as convenient. He does not admit that he agreed, for the gross sum of thirty per centum on the money, to indulge the complainant until he could make the money, and he denies that there was eighty dollars and seventy cents usurious interest charged in the note; but he does not deny that any usury was charged, nor does he even allege, that on the settlement, more than two hundred and sixty nine dollars and thirty cents was due him from the complainant; and though that be in truth the only sum which was owing by the complainant, and all above that which is contained in the note be for usurious interest, his denial, that the gross sum of thirty per centum was charged in the note, may be literally true; that per

Answer examined and pronounced evasive, the contract held to be usurious, and relief ordered.

SALLEE
vs.
DUNCAN.

centum, when added to the sum due, not making within nine cents the amount for which the note was executed.

Upon the whole complexion of the answer, we have no hesitation in pronouncing the contract usurious, and that all above two hundred and sixty nine dollars and thirty cents, contained in the note, was charged for the forbearance of that sum.

The decree must therefore be reversed, with *cost;* the cause remanded to the court below, and if so much of the judgment remains unpaid, a decree must be there entered, perpetuating the injunction for the principal above $269 30 cents, and interest thereon; but if the judgment is paid, then such decree be there entered as will enable the complainant to recover the amount which ought to have been enjoined.

*Mayes* for plaintiff.